900 F.2d 260
 134 L.R.R.M. (BNA) 2568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
D & B TRUCKING, INC. d/b/a AES Division, American Motor
Lines, Inc. and Atlantic Western Personnel Leasing
Corp., Respondents.
 No. 90-5371.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, D & B Trucking, Inc. d/b/a AES Division, Detroit, Michigan, its officers, agents, successors, and assigns and Respondents, American Motor Lines, Inc., Detroit, Michigan; and Atlantic Western Personnel Leasing Corp., Merrillville, Indiana, their officers, agents, successors, and assigns, enforcing its order dated September 29, 1989, in Case No. 7-CA-27977, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, D & B Trucking, Inc. d/b/a AES Division, Detroit, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Refusing to bargain with the Union about AES' decision to cease operations and the effects of that decision on AES' employees in the bargaining unit.
 
 
 5
 (b) Utilizing American, or any other company, as an alter ego or successor employer to discourage membership in and activities on behalf of the Union.
 
 
 6
 (c) Utilizing American, or any other company, as an alter ego or successor employer without prior notice to the Union, and without having given it an opportunity to bargain as the exclusive representative of the employees in the bargaining unit.
 
 
 7
 (d) Utilizing American, or any other company, as an alter ego or successor company, and from unilaterally setting terms and conditions of employment of the employees of American and Atlantic, as joint employers, which terms and conditions do not adhere to the terms and conditions contained in AES' contract with the Union.
 
 
 8
 (e) In any like or related manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed by Section 7 of the Act.
 
 
 9
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 10
 (a) Bargain with the Union about AES' decision to cease operations and the effects of that decision on the employees in the unit.
 
 
 11
 (b) Make whole the employees in the unit for any losses suffered as a result of the changes in terms and conditions of their employment since April 1, 1988, in accordance with the methods described in the remedy section of the Board's Decision.
 
 
 12
 FURTHER ORDERED AND ADJUDGED by the Court that the Respondents, American Motor Lines, Inc., Detroit, Michigan; and Atlantic Western Personnel Leasing Corp., Merrillville, Indiana, their officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 13
 (a) Utilizing American as an alter ego or successor company to AES in order to discourage membership in and activities on behalf of the Union by its employees.
 
 
 14
 (b) Utilizing American as an alter ego or successor company to AES without prior notice to the Union and without having given it an opportunity to bargain as the exclusive representative of employees in the bargaining unit.
 
 
 15
 (c) Utilizing American as an alter ego or successor company to AES and unilaterally setting terms and conditions of employment, which terms and conditions do not adhere to the terms and conditions contained in the contract between AES and the Union.
 
 
 16
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed by Section 7 of the Act.
 
 
 17
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 18
 (a) Recognize and, on request, meet and bargain with the Union as the exclusive collective-bargaining representative of the employees in the unit.
 
 
 19
 (b) Restore the status quo ante with respect to employees' terms and conditions of employment as they existed prior to April 1, 1988, and give effect to the terms of the contract that had been in effect between AES Division and the Union.
 
 
 20
 (c) Make whole the employees in the unit for any losses suffered as a result of the changes in terms and conditions of their employment since April 1, 1988, in accordance with the methods described in the remedy section of the Board's Decision.
 
 
 21
 We order each Respondent to post a notice at its facility. Respondent AES shall post copies of the attached notice marked "Appendix I" at its facility in Detroit, Michigan. Respondent American shall post copies of the attached notice marked "Appendix II" at its facility in Detroit, Michigan. Respondent Atlantic shall post copies of the attached notice marked "Appendix II" at its facility in Merrillville, Indiana. Copies of these notices, on forms provided by the Regional Director for Region 7, after being signed by the respective Respondents' authorized representative, shall be posted by the respective Respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondents to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 22
 We order each Respondent to preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 23
 We also order each Respondent to notify the Regional Director in writing within 20 days from the date of this Judgment what steps each Respondent has taken to comply.
 
 APPENDIX I
 NOTICE TO EMPLOYEES
 
 24
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 25
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 26
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 27
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 28
 To bargain collectively through representatives of their own choice
 
 
 29
 To act together for other mutual aid or protection
 
 
 30
 To choose not to engage in any of these protected concerted activities.
 
 
 31
 WE WILL NOT do anything that interferes with these rights and we give you these assurances:
 
 
 32
 WE WILL NOT refuse to bargain with Local 124, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO as the exclusive representative of our employees in the following appropriate unit:
 
 
 33
 All owner-operators employed by us, but excluding guards and supervisors as defined in the Act.
 
 
 34
 WE WILL NOT fail and refuse to bargain with Local 124, Teamsters, about our decision to cease operations and the effects of that decision on our employees in the bargaining unit described above.
 
 
 35
 WE WILL NOT utilize the American Motor Lines, Inc., or any other company, as an alter ego or successor employer to discourage membership in and activities on behalf of Local 124, Teamsters, by our employees in the unit.
 
 
 36
 WE WILL NOT utilize the American Motor Lines, Inc., or any other company, as an alter ego or successor employer without prior notice to Local 124, Teamsters, and without having given it an opportunity to bargain as the exclusive representative of our employees in the bargaining unit.
 
 
 37
 WE WILL NOT, in utilizing the American Motor Lines, Inc., or any other company, as an alter ego or successor company, unilaterally set terms and conditions of employment of the employees of the American Motor Lines, Inc. and Atlantic Western Personnel Leasing Corp., as joint employers, which terms and conditions do not adhere to the terms and conditions contained in our contract with Local 124, Teamsters.
 
 
 38
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 39
 WE WILL bargain with Local 124, Teamsters, about our decision to cease operations and the effects of that decision on our employees in the bargaining unit described above.
 
 
 40
 WE WILL make whole our employees in the unit, with interest, for any losses suffered as a result of the changes in terms and conditions of their employment since April 1, 1988.
 
 D & B TRUCKING, INC., d/b/a AES DIVISION
 
 41
 (Employer)
 
 Dated __________ By ____________________
 
 42
 (Representative)
 
 
 43
 (Title)
 
 
 44
 This is an official notice and must not be defaced by anyone.
 
 
 45
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.
 
 APPENDIX II
 NOTICE TO EMPLOYEES
 
 46
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 47
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 48
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 49
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 50
 To bargain collectively through representatives of their own choice
 
 
 51
 To act together for other mutual aid or protection
 
 
 52
 To choose not to engage in any of these protected concerted activities.
 
 
 53
 WE WILL NOT do anything that interferes with these rights and we give you these assurances:
 
 
 54
 WE WILL NOT refuse to bargain with Local 124, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO as the exclusive collective-bargaining representative of our employees in the following appropriate unit:
 
 
 55
 All owner-operators employed by us, but excluding guards and supervisors as defined in the Act.
 
 
 56
 WE WILL NOT utilize the American Motor Lines, Inc., as an alter ego or successor company to D & B Trucking, Inc., d/b/a AES Division, in order to discourage membership in and activities on behalf of Local 124, Teamsters, by the employees of AES in the bargaining unit described above.
 
 
 57
 WE WILL NOT utilize the American Motor Lines, Inc., as an alter ego or successor company to AES, without prior notice to Local 124, Teamsters, and without having given it an opportunity to bargain as the exclusive representative of the employees of AES in the bargaining unit described above.
 
 
 58
 WE WILL NOT, in utilizing the American Motor Lines, Inc. as an alter ego or successor company to AES, unilaterally set terms and conditions of employment of our employees, which terms and conditions do not adhere to the terms and conditions contained in the contract between AES and Local 124, Teamsters.
 
 
 59
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 60
 WE WILL recognize and, on request, meet and bargain with Local 124, Teamsters, as the exclusive representative of our employees in the bargaining unit described above.
 
 
 61
 WE WILL restore the status quo ante with respect to our employees' terms and conditions of employment as they existed prior to April 1, 1988, and WE WILL give effect to the contract that had been in effect between AES Division and Local 124, Teamsters.
 
 
 62
 WE WILL make whole our employees in the unit, with interest, for any losses suffered as a result of the changes in terms and conditions of their employment since April 1, 1988.
 
 
 63
 THE AMERICAN MOTOR LINES, INC. AND ATLANTIC WESTERN PERSONNEL LEASING CORP., JOINT EMPLOYERS
 
 
 64
 (Employer)
 
 Dated __________ By ____________________
 
 65
 (Representative)
 
 
 66
 (Title)
 
 
 67
 This is an official notice and must not be defaced by anyone.
 
 
 68
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.